**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER BRIAN ROBERTS,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | **CIVIL NO. A-22-CV-071-RP** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| **RESPONDENT.** | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[1] Petitioner filed his petition in the United States District Court for the Eastern District of Texas. That court transferred the petition to the Western District of Texas on January 3, 2022.

Petitioner challenges his conviction out of the 403rd Judicial District Court of Travis County, Texas. A jury convicted Petitioner of murdering his girlfriend and assessed punishment at 50 years in the Texas Department of Criminal Justice. Petitioner's conviction and sentence were affirmed by the Third Court of Appeals. *Roberts v. State*, No. 03-14-00637-CR, 2016 WL 6408004 (Tex. App. – Austin Oct. 26, 2016, pet. ref'd). The appellate court noted a non-reversible error in the written judgment of the trial court. The court modified the judgment to reflect the statute of Petitioner's offense was 19.02(b)(1) and (c) of the Texas Penal Code. The original judgment only listed 19.02(c). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on March 22, 2017. *Roberts v. State*, No. PD-1297-16. Petitioner did not file a petition for writ of certiorari with the Supreme Court.

---

[1] Petitioner, proceeding *pro se*, paid the full filing fee for this case.

Petitioner's petition is barred by the one-year statute of limitations. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on June 20, 2017, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Absent tolling, Petitioner's federal petition to be timely had to be filed by June 20, 2018. Petitioner did not execute his federal petition until December 14, 2021, more than three years after the limitations period expired.

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)

("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Petitioner bears the burden of establishing equitable tolling is appropriate. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (per curiam).

Accordingly, it is hereby **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as time-barred and a certificate of appealability is **DENIED**.

**SIGNED** on April 29, 2022.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE